UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GARY DEAN BOONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:09-cv-221-WTL-TAB |
| | ) | |
| H. J. MARBERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion for Reconsideration**

This cause is before the court on the petitioner's motion for relief from judgment (dkt 13). That motion was filed with the clerk on March 4, 2010, and is directed to the Judgment entered on the clerk's docket on September 30, 2009, dismissing the action. The court explained the basis of the dismissal as this: The petitioner's "allegations of infirmity in his sentence imposed by the United States District Court for the District of South Carolina do not trigger the narrow circumstances under which such a challenge can be brought via 28 U.S.C. § 2241 in the district of confinement rather than in the trial court. *Unthank v. Jett,* 549 F.3d 534, 536 (7th Cir. 2008)."

The date a post-judgment motion is filed is significant. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). So too, of course, is the content of such motion. Given the timing of the plaintiff's motion for relief from judgment relative to the entry of final judgment, the motion is treated as a motion for relief pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. See United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992) ("substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b).").[1]

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.**

---

[1] Although the current version of Rule 59 of the *Federal Rules of Civil Procedure* permits a Rule 59(e) motion to be filed within 28 days after the entry of judgment, this action was filed before the December 1, 2009, effective date of the amended Rule and judgment was as well entered before December 1, 2009. The motion for reconsideration was filed both more than 10 and more than 28 days after the entry of judgment on the clerk's docket. There is no basis, therefore, on which to treat the motion for reconsideration as a motion to alter or amend judgment pursuant to Rule 59(e).

The petitioner's motion for reconsideration set forth his disagreement with the court's analysis of his federal habeas corpus filing. Rule 60(b) does not provide an avenue for relief in these circumstances. See *Marques v. FRB,* 286 F.3d 1014, 1018-19 (7th Cir. 2002) ("A legal error is not one of the specified grounds for [a 60(b) motion]. In fact, it is a forbidden ground."). The appropriate means by which to assert alleged legal errors is by a timely appeal. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (Rule 60(b) "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of the law."); *see also McKnight v. United States Steel Corp.,* 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal."). The motion for relief from judgment therefore presents an argument–a generalized request to reconsider based on the equally generalized assertion that the court committed legal error in its disposition of the case–which is not within the scope of Rule 60(b).

Based on the foregoing discussion, therefore, the motion for reconsideration (dkt 13), treated as a motion for relief from judgment, is **denied.**

**IT IS SO ORDERED.**

Date: 03/08/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Gary Dean Boone
Reg No  94865-071
U S Penitentiary
P O Box 33
Terre Haute, IN 47808